**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**PHILIP BENHAM**                                                                                            **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.: <u>3:19cv911HTW-LRA</u>**

**CITY OF JACKSON, MISSISSIPPI,**
**and JAMES E. DAVIS, in his official**
**capacity as Chief of Police for Jackson**
**Police Department**                                                                                      **DEFENDANTS**

---

**CITY OF JACKSON DEFENDANTS'**
**ANSWER AND AFFIRMATIVE DEFENSES**

---

**COMES NOW**, the City of Jackson, Mississippi, and Chief James E. Davis, in his official capacity as Chief of Police for the Jackson Police Department, collectively referred to herein as "Defendants" or the "City of Jackson Defendants,"[1] by and through counsel and pursuant to the Federal Rules of Civil Procedure and other applicable authority, and files their Answer and Affirmative Defenses to Plaintiff's Verified Complaint.  In support thereof, Defendants, without waiver of any other defenses contained herein, respond to the allegations of the Verified Complaint, paragraph by paragraph, as follows:

**<u>INTRODUCTION</u>**

1.      Paragraph 1 of Plaintiff's Verified Complaint does not require a response from the City of Jackson Defendants, however, to the extent Paragraph 1 seeks to impose liability upon the City of Jackson Defendants, Defendants deny same.

---

[1] The terms "City of Jackson Defendants" and "Defendants" include Chief James E. Davis, as a lawsuit filed against a City of Jackson employee in his/her official capacity is tantamount to a lawsuit filed against the City itself.

2.      Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3.      Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Verified Complaint.

4.      Paragraph 4 of Plaintiff's Verified Complaint does not require an answer from Defendants, however, to the extent Paragraph 4 seeks to impose liability upon the City of Jackson Defendants, Defendants deny the same.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Verified Complaint.

6.      Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Verified Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Verified Complaint.

## JURISDICTION AND VENUE

8.      Paragraph 8 of Plaintiff's Verified Complaint does not require an answer from Defendants, however, to the extent Paragraph 8 seeks to impose liability upon the City of Jackson Defendants, Defendants deny the same.

9.      With regard to Paragraph 9 of Plaintiff's Verified Complaint, Defendants admit that this Court has jurisdiction over actions pursuant to 28 U.S.C. §§ 1331 and 1343, has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and has authority to grant relief and award costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988; however, Defendants deny that this Court has jurisdiction over Plaintiff's claims as Plaintiff lacks standing to bring his claim before this Court.

10.     Without waiver of any of their defenses herein, Defendants admit that venue is proper.

## PLAINTIFF

11.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Verified Complaint and, therefore, out of an abundance of caution, deny same.

## DEFENDANTS

12.     Without waiver of any of their defenses herein, Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Verified Complaint.

13.     Without waiver of any of their defenses herein, Defendants admit that James E. Davis is the Chief of Police for the City of Jackson and has been sued in his official capacity, but deny the remaining allegations contained in Paragraph 13 of Plaintiff's Verified Complaint as phrased.

## STATEMENT OF FACTS

**Benham's Religiously-Oriented Pro-Life Expression**

14.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Verified Complaint and therefore deny same.

15.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Verified Complaint and therefore deny same.

16.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Verified Complaint and therefore deny same.

17.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Verified Complaint and therefore deny same.

18.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Verified Complaint and therefore deny same.

19.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Verified Complaint and therefore deny same.

20.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Verified Complaint and therefore deny same.

21.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Verified Complaint and therefore deny same.

22.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Verified Complaint and therefore deny same.

23.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Verified Complaint and therefore deny same.

24.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Verified Complaint and therefore deny same.

25.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Verified Complaint and therefore deny same.

26.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Verified Complaint and therefore deny same.

27.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Verified Complaint and therefore deny same.

28.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Verified Complaint and therefore deny same.

29.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Verified Complaint and therefore deny same.

30.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Verified Complaint and therefore deny same.

31.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Verified Complaint and therefore deny same.

**Benham's Expression Outside Jackson Women's Health Organization Abortion Clinic**

32.    Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Verified Complaint and therefore deny same.

33.    Upon information and belief, Defendants admit the allegations set forth in Paragraph 33 of Plaintiff's Verified Complaint.

34.    Upon information and belief, Defendants admit the allegations set forth in Paragraph 34 of Plaintiff's Verified Complaint.

35.    Upon information and belief, Defendants admit the allegations set forth in Paragraph 35 of Plaintiff's Verified Complaint.

36.    Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Verified Complaint and therefore deny same.

37.    Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Verified Complaint and therefore deny same.

38.    Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Verified Complaint and therefore deny same.

39.    Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Verified Complaint and therefore deny same.

40.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Verified Complaint and therefore deny same.

41.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Verified Complaint and therefore deny same.

42.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Verified Complaint and therefore deny same.

43.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Verified Complaint and therefore deny same.

44.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Verified Complaint and therefore deny same.

## Section 86-401, *et seq.* Prohibiting Certain Activities Near Health Care Facilities

45.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 45 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

46.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations

set forth in Paragraph 46 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

47.    Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 47 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

48.    Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 48 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

49.    Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 49 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

50.    Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 50 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

51.    Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 51 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

52.    Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations

set forth in Paragraph 52 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

53.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 53 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

54.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 54 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

55.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 55 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

56.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 56 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

57.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 57 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

58.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations

set forth in Paragraph 58 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

59.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 59 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

60.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 60 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

61.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 61 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

62.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 62 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

63.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 63 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

64.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations

set forth in Paragraph 64 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

65.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 65 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

66.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 66 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

67.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 67 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

68.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 68 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

69.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 69 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

70.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations

set forth in Paragraph 70 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

71.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 71 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

72.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 72 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

73.     Defendants state that the City of Jackson's City Council meeting minutes and hearing records speak for themselves; accordingly, Defendants deny the allegations set forth in Paragraph 73 of Plaintiff's Verified Complaint as phrased and demand strict proof thereof.

74.     Defendants object to Paragraph 74 of Plaintiff's Verified Complaint and state that the Jackson Code of Ordinances, Section 86-401, *et seq.*, speaks for itself.

75.     Defendants object to Paragraph 75 of Plaintiff's Verified Complaint and state that the Jackson Code of Ordinances, Section 86-401, *et seq.*, speaks for itself.

**Facial Impact of 86-401, *et seq.* on Benham's Expression**

76.     Defendants deny the allegations set forth in Paragraph 76 of Plaintiff's Verified Complaint.

77.     Defendants are without sufficient specific knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of Plaintiff's Verified Complaint and therefore deny same.  To the extent Paragraph 77 seeks to impose liability

upon the City of Jackson Defendants, Defendants deny the allegations and demand strict proof thereof.

78.     Defendants deny the allegations set forth in Paragraph 78 of Plaintiff's Verified Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of Plaintiff's Verified Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of Plaintiff's Verified Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of Plaintiff's Verified Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of Plaintiff's Verified Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of Plaintiff's Verified Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of Plaintiff's Verified Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of Plaintiff's Verified Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86 of Plaintiff's Verified Complaint.

87.     Defendants deny the allegations set forth in Paragraph 87 of Plaintiff's Verified Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of Plaintiff's Verified Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of Plaintiff's Verified Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of Plaintiff's Verified Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of Plaintiff's Verified Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of Plaintiff's Verified Complaint.

## FIRST CAUSE OF ACTION

**Violation of Free Speech Clause**

93.     Defendants deny the allegations set forth in Paragraph 93 of Plaintiff's Verified Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94, including its subparts, of Plaintiff's Verified Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of Plaintiff's Verified Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of Plaintiff's Verified Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of Plaintiff's Verified Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of Plaintiff's Verified Complaint and specifically deny that Plaintiff is entitled to any relief whatsoever against the City of Jackson Defendants for any of the conduct alleged.

## SECOND CAUSE OF ACTION

**Violation of Due Process Clause**

99.    Defendants deny the allegations set forth in Paragraph 99 of Plaintiff's Verified Complaint.

100.    Defendants deny the allegations set forth in Paragraph 100 of Plaintiff's Verified Complaint.

101.    Defendants deny the allegations set forth in Paragraph 101 of Plaintiff's Verified Complaint.

Defendants deny the allegations contained in the first unnumbered paragraph located on page twenty (20) of Plaintiff's Verified Complaint commencing with the word "WHEREFORE," and specifically deny that Plaintiff is entitled to any relief whatsoever against the City of Jackson Defendants for any of the conduct alleged.

## PRAYER FOR RELIEF

Defendants deny the allegations contained in the second unnumbered paragraph located on page twenty (20), and continuing to page twenty-one (21), of Plaintiff's Verified Complaint, commencing with the word "WHEREFORE," and including subparagraphs (A) through (H).  Defendants specifically deny that this Court has jurisdiction over this matter as the Plaintiff lacks standing to bring his claim, and specifically deny that Plaintiff is entitled to any relief whatsoever against the City of Jackson Defendants for any of the conduct alleged.

And now, Defendants, having responded to the allegations of Plaintiff's Verified Complaint, paragraph by paragraph, and without waiver of any additional defenses available under the law, state their affirmative defenses as follows:

### First Defense

Plaintiff's Verified Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.[2]

### Second Defense

Defendants have not breached any duty owed to Plaintiff arising under contract, common law, or state or federal statutory law.

### Third Defense

Defendants owed no duty to Plaintiff that was breached in this action.

### Fourth Defense

Defendants reserve all statutory or contractual indemnity rights they may have against all others whether parties to this action or not.

### Fifth Defense

Defendants deny each and every allegation in which Plaintiff seeks to impose liability upon the City of Jackson Defendants, whether expressly denied herein or not.

### Sixth Defense

To the extent applicable, Defendants affirmatively assert and invoke all substantive and procedural defenses available to them for which a good faith legal and/or factual basis exists or may exist in their favor pursuant to Miss. Code Ann. § 11-46-1 *et seq.* (the Mississippi Tort Claims Act), specifically including, but not limited to, Miss. Code Ann. § 11-46-5; § 11-46-7; § 11-46-9; § 11-46-11; § 11-46-13; § 11-46-15; and § 11-46-17 as to all Plaintiff's claims, state and federal, if any.  To the extent Plaintiff's Verified Complaint, or

---

[2] A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 127 S. Ct. 1955, 1965 (2007).  A district court will not "strain to find inferences favorable to the plaintiffs." **Southland Securities Corp. v. Inspire Ins. Solutions, Inc.**, 365 F. 3d 353, 361 (5th Cir. 2004) *quoting* **Westfall v. Miller**, 77 F. 3d 868, 870 (5th Cir. 1996).

any subsequent filed pleading, may seek a trial by jury on state law claims against Defendants, then Defendants specifically move this Court to strike any such jury demand on the basis that same is prohibited by the aforementioned statutes.

## Seventh Defense

Plaintiff failed to mitigate his damages.

## Eighth Defense

Plaintiff's claims of emotional distress, if any, are specifically barred by Miss. Code Ann. § 11-46-9(c).

## Ninth Defense

The claims against Defendants are prohibited by prevailing federal and state law and all other applicable defenses thereto as is alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a governmental entity.

## Tenth Defense

Defendants have no custom, practice, or policy that caused or contributed to the alleged deprivations, injuries and/or damages suffered by Plaintiff.

## Eleventh Defense

The alleged acts or omissions by Defendants, as may be set forth in Plaintiff's Verified Complaint, do not rise to the level of a constitutional violation.

## Twelfth Defense

Defendants specifically invoke and/or reserve the defense of collateral estoppel to Plaintiff's 42 U.S.C. § 1983 claim, to which they may be entitled.

## Thirteenth Defense

Defendants are not liable to Plaintiff under the doctrine of *respondeat superior* pursuant to 42 U.S.C. § 1983 for any alleged acts or omissions of employees of Defendants.

## Fourteenth Defense

An award of attorneys' fees, costs of suit and for such other relief against the City of Jackson Defendants is not warranted in this case.

## Fifteenth Defense

Plaintiff's request for the extraordinary relief of a preliminary injunction should be denied because Plaintiff fails to establish the four required elements, which are:  (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the injunction will not disserve the public interest.[3]

## Sixteenth Defense

Plaintiff's request for a declaratory judgment against the City of Jackson Defendants should be denied because, *inter alia*, there is no substantial and immediate threat to any federally protected right that could be asserted in his defense.

## Seventeenth Defense

Defendants hereby give notice that they intend to rely upon such other and further defenses that may become available or apparent during discovery in this civil action and reserve the right to amend and/or supplement this answer to assert any such defenses.

## Eighteenth Defense

Defendants hereby assert the defenses of sovereign immunity, *Monell*, and any other immunity available under federal and state law.

---

[3] See, **Clark v. Prichard**, 812 F. 2d 991, 993 (5th Cir. 1987).

### Nineteenth Defense

Plaintiff's Verified Complaint is barred as it does not meet the standard requirements and necessary prerequisites to make out a claim under 42 U.S.C. § 1983 and applicable case law precedent.

### Twentieth Defense

Plaintiff's Verified Complaint should be dismissed because Plaintiff has not been deprived of any rights, privileges, or immunities secured by the United States Constitution or the Mississippi Constitution.

### Twenty-First Defense

Plaintiff is not entitled to an award of compensatory damages as he failed to provide proof of actual injury.[4]

### Twenty-Second Defense

This Court lacks jurisdiction over the subject matter.

### Twenty-Third Defense

The Plaintiff lacks standing to bring his claim before this Court.[5]

### Twenty-Fourth Defense

Plaintiff is not entitled to injunctive relief because he has an adequate remedy at law.

---

[4] See, **Memphis Community School Dist. v. Stachura**, 477 S.S. 299, 106 S.Ct.2537, 2543 (1986).

[5] See, e.g., **Baker v. Carr**, 369 U.S. 186, 204 (1962) (persons or organizations that have a personal, ideological interest sufficiently strong to create adverseness is not alone enough to confer standing); **Lujan v. Defs. of Wildlife**, 504 U.S. 555, 560–61 (1992) (plaintiff must have suffered some actual or threatened injury that can fairly be traced to the challenged action and is likely to be redressed by a favorable decision).

### Twenty-Fifth Defense

The actions and conduct complained of do not violate any constitutional, federal or statutory right of which these Defendants should have reasonably been aware.

### Twenty-Sixth Defense

Defendants assert that Plaintiff has failed to exhaust all available administrative and/or other judicial remedies before filing the instant action.

### Twenty-Seventh Defense

Plaintiff is not entitled to recover punitive damages pursuant to 42 U.S.C. § 1983 or his official capacity theory against Defendants, as recovery of such damages against the City of Jackson, a political subdivision and/or municipality, is prohibited.

### Twenty-Eighth Defense

Section 86-401, *et seq.* of the Jackson Code of Ordinances imposes valid time, place, and manner restrictions.

### Twenty-Ninth Defense

Section 86-401, *et seq.* of the Jackson Code of Ordinances is narrowly tailored to serve a significant governmental interest.

### Thirtieth Defense

Section 86-401, *et seq.* of the Jackson Code of Ordinances leaves open ample alternative channels for communication.

### Thirty-First Defense

Section 86-401, *et seq.* of the Jackson Code of Ordinances is content neutral.

### Thirty-Second Defense

Plaintiff has suffered no harm or damage as a result of Section 86-401, *et seq.* of the Jackson Code of Ordinances.

**Thirty-Third Defense**

Defendants have at all times acted properly and in the best interest of the public.

**AND NOW**, having fully answered Plaintiff's Verified Complaint, Defendants request that the Verified Complaint be dismissed against the City of Jackson Defendants and that they be awarded their attorneys' fees, costs, and all other relief deemed appropriate by this Court.

**THIS** the 7th day of January, 2020.

Respectfully submitted,

**THE CITY OF JACKSON, MISSISSIPPI, and CHIEF JAMES E. DAVIS, IN HIS OFFICIAL CAPACITY; "CITY OF JACKSON DEFENDANTS"**

By: */s/ Paige Wilkins_____*
Timothy Howard, MSB # 10687
City Attorney for the City of Jackson, Mississippi
James Anderson, Jr., MSB # 8425
Senior Deputy Attorney
LaShundra Jackson-Winters, MSB # 101143
Deputy City Attorney
J. Paige Wilkins, MSB # 102052
Deputy City Attorney

**OF COUNSEL:**
OFFICE OF THE CITY ATTORNEY
Post Office Box 2799
Jackson, MS 39207-2799
601.960.1799 (telephone)
601.960.1756 (facsimile)

## **CERTIFICATE OF SERVICE**

I, J. Paige Wilkins, one of the attorneys for Defendants, do hereby certify that I have this day delivered a correct and true copy of the foregoing document via ECF to the following:

> Nathan W. Kellum
> Center for Religious Expression
> 699 Oakleaf Office Lane, Suite 107
> Memphis, TN 38117
> Email: nkellum@crelaw.org

So Certified, this the 7th day of January, 2020.

By: */s/ Paige Wilkins*_____
     J. Paige Wilkins