UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PHILIP BENHAM**,

    Plaintiff,

vs.

**CITY OF JACKSON, MISSISSIPPI, and JAMES E. DAVIS, in his official capacity as Chief of Police for Jackson Police Department**

    Defendants.

CIVIL ACTION NO:
3:19-cv-00911-HTW-LRA

SECOND AFFIDAVIT OF
PHILIP BENHAM

    1.    My name is Philip "Flip" Benham, the plaintiff in this case. All things set out in this affidavit are based on my own personal knowledge.

    2.    I provide this second affidavit to clarify my intentions regarding my plans to share my pro-life views on public sidewalks and ways in front of the Jackson Women's Health Organization abortion clinic in the future.

    3.    In my first affidavit, I explained my desire to return to the JWHO clinic and share my message about hope in Jesus Christ and alternatives to abortion. I also explained that I'm familiar with City of Jackson's ordinance § 86-401, *et seq.*, and how it stops me from reaching women visiting the clinic by any communication method I would use.

    4.    I have visited Jackson and the JWHO clinic and shared my beliefs many times in the past. I recall being there 10 days in July 2006, and also for 3 or 4 days each in 2011, 2012, 2013, and 2014. I also stopped at the JWHO several times to share my beliefs there whenever I happened to be passing through, which often occurred when I took trips to Dallas, New Orleans, or other cities in the region.

Exhibit "H"

5.      As mentioned in my first affidavit, I want to return to the JWHO clinic this year of 2020 and have made plans to go there this year. I still have plans to visit this year, even with travel-related concerns surrounding the COVID-19 pandemic. Though I initially thought I would go in the summer, I now plan to go to Jackson and visit JWHO during the second week of September this year. I have it marked down on my calendar and have made specific plans to visit at that time. And I definitely want to go back again following my visit in September.

6.      When I arrive in Jackson this September, I plan to go to the clinic on the days the JWHO is open that week, starting on Monday, September 7, 2020, and stay there until the clinic stops seeing people. I'd arrive each day the clinic is open sometime around 7:15 a.m. and stay until noon or so.

7.      While there, I'd want to express my views on abortion in the ways I described in my first affidavit. But I know all of my means of expression are prohibited by Jackson's ordinance and frustrates the plans I've made to go out there.

8.      In their response to my motion for preliminary injunction, Jackson doesn't deny that the law shuts down my speech. Though they suggest the particular restriction on "shouting" doesn't apply to me if I raise my voice, they don't explain how that is.

9.      And Jackson does not even try to address all the other ways the ordinance bans my speech. I can't stand on the grassy area by the driveway with a friend and hand out pamphlets with people or talk with them as they drive in the clinic parking lot. I can't approach people and visit with them as they walk toward the clinic. I can't use amplification, which would allow me to speak without having to shout.

10.     The ordinance appears to restrict shouting, but I'd prefer not to shout anyway. It

2

is hard to convince someone when you're shouting. I would only shout if I had no other way to communicate my message. Jackson admits that its ordinance prevents all methods of speech I want to use on public ways in its effort to create a "clear path" for people to the clinic.

11. I want to share my pro-life message with people going to the JWHO when I'm in Jackson this September, but Jackson's ordinance chills and deters me from trying. It is clear that the ordinance criminalizes all the ways I want to share my views in front of the JWHO clinic and I fear the ordinance will be enforced against me.

12. For this reason, I am currently deterred from going to the public ways in front of the JWHO and sharing my views. I will continue to be deterred unless this Court grants me the relief I'm seeking in this action.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
PHILIP BENHAM

STATE OF NORTH CAROLINA
COUNTY OF __Cabarrus__

On this __28th__ day of __April__ 2020, before me, a Notary Public of the State and County aforesaid, personally appeared Philip Benham, to me known (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged that he executed the foregoing instrument for the purpose therein contained.

_____
Notary Public — Jason Oestereich

My Commission Expires:

[Notary Seal: JASON OESTEREICH, NOTARY PUBLIC, CABARRUS COUNTY, NC]