IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PHILIP BENHAM**                                                                    **PLAINTIFF**

**V.**                                                      **CASE NO.: 3:19-cv-00911-HTW-LRA**

**CITY OF JACKSON, MISSISSIPPI**
**and JAMES E. DAVIS, in his official**
**capacity as Chief of Police for Jackson**
**Police Department**                                                    **DEFENDANTS**

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS AS MOOT

**COME NOW** the City of Jackson, Mississippi, and Chief James E. Davis, in his official capacity as Chief of Police for the Jackson Police Department, collectively referred to herein as "Defendants" or the "City of Jackson Defendants,"[1] by and through counsel, and submit this Memorandum Brief in Support of Motion to Dismiss as Moot, as follows:

### INTRODUCTION

Defendants respectfully request this Court dismiss Plaintiff Philip Benham's ("Plaintiff" or "Benham") Verified Complaint [1] and Motion for Preliminary Injunction [4] as changed circumstances have rendered Plaintiff's claims moot. Plaintiff alleged that his First Amendment right to free speech and assembly, and his Fourteenth Amendment right to due process, were violated by Sections 86-401, *et. seq.*[2] of the Jackson Code of Ordinances ("Ordinance"). Plaintiff

---

[1] The terms "City of Jackson Defendants" and "Defendants" include Chief James E. Davis, as a lawsuit filed against a City of Jackson employee in his/her official capacity is tantamount to a lawsuit filed against the City itself.

[2] Jackson Code of Ordinances, Sections 86-401 through 86-409, *An Ordinance of the City of Jackson, Mississippi, Prohibiting Certain Activities Near Health Care Facilities*, enacted by the City of Jackson, Mississippi, City Council ("City Council") on October 1, 2019.

alleged that his constitutional rights were violated by the Ordinance's creation of a fifteen-foot buffer and an eight-foot bubble zone, and its limitation on sound, near health care facilities. Plaintiff alleged that the combined impact of the buffer, bubble, and quiet zones of § 86-401, *et. seq.*, unconstitutionally restricted his right to expression on public sidewalks and streets in violation of the First Amendment Clause, and that it was unconstitutionally vague in violation of the Due Process Clause.[3]  Plaintiff filed his Verified Complaint seeking a judgment declaring the Ordinance unconstitutional on its face and as applied, in violation of the First and Fourteenth Amendments, a preliminary and permanent injunction enjoining the application or enforcement of the Ordinance, nominal damages, costs, and attorneys' fees.  A motion for preliminary injunction was filed contemporaneously with Plaintiff's complaint.

However, due to the repeal of the Ordinance that is the subject of this litigation, the Plaintiff's claims have become moot.  In a duly called and notice meeting, the City Council approved and passed an *Ordinance of the City of Jackson Repealing Sections 86-401 through 86-409 of the Jackson Code of Ordinances* on November 16, 2020, effective immediately.  A certified copy of the City Council's ordinance repealing Sections 86-401, *et. seq.*, has been filed with the Court and provided to the parties.  The Ordinance can no longer be applied to or enforced against Philip Benham or third parties not before the Court.  The Court therefore no longer has an active case or controversy and can no longer grant meaningful relief to the Plaintiff.  As such, this Court no longer has jurisdiction under Article III of the United States Constitution and it should dismiss the case as moot.

---

[3] Verified Complaint [1], pp. 18-20.

2

ARGUMENT

No justiciable case or controversy exists when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action. *Flast v. Cohen*, 392 U.S. 83, 96 (1968). For Article III purposes, a matter is moot "if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *McCorvey v. Hill*, 385 F.3d 846, 849 (citing *Sierra Club v. Glickman*, 156 F.3d 606, 619 (5th Cir.1998)). The Fifth Circuit has recognized that "[s]uits regarding the constitutionality of statutes become moot once the statute is repealed." *Id.* (citing *Diffenderfer v. Cent. Baptist Church*, 404 U.S. 412, 414–15, 92 S.Ct. 574, 575–76, 30 L.Ed.2d 567 (1972); *Fed'n of Adver. Indus. Executives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th Cir.2003) ("[W]e, along with all the circuits to address the issue, have interpreted Supreme Court precedent to support the rule that repeal of a contested ordinance moots a plaintiff's injunction request, absent evidence that the City plans to or already has reenacted the challenged law or one substantially similar."); and *Weeks v. Connick*, 733 F.Supp. 1036, 1037 (E.D.La.1990).

Here, the City has enacted no other ordinance similar to the repealed Ordinance, and there is no evidence that the City intends to reenact the Ordinance when the stacking of otherwise constitutional provisions has been called into question by the Court. In fact, "a presumption of regularity attaches to the actions of Government agencies" in this context. *U.S.P.S. v. Gregory*, 534 U.S. 1, 10 (2001), citing *U.S. v. Chem. Found.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926); see also, *e.g.*, *Gegenheimer v. Stevenson*, 2017 WL 2880867 (W.D.Tex.2017). Moreover, the repeal of the Ordinance that is the subject of this lawsuit reflects the City's good faith attempt to ensure its ordinances comply with the Constitution. See, *Fed'n of Adver. Indus. Representatives*, 326 F.3d at 931 (where the court determined that the city's attempts to maintain

3

an effective ordinance, and avoid litigation costs, by repealing the challenged ordinance showed that the city was *not* likely to reenact the challenged ordinance, as opposed to showing an intent to evade review and later reenact the ordinance, as argued by plaintiff.)  Here, the City repealed the Ordinance at the earliest possible occasion within the parameters mandated by Mississippi statute and local ordinance.  In addition, the City immediately removed all signs designating buffer, bubble, and quiet zones relating to the Ordinance.

Plaintiff's claims for nominal damages and/or declaratory relief does not preserve his claim for what would amount to an advisory opinion from this Court.  Jurisdiction under Article III is limited to cases and controversies, or "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). "No justiciable controversy is presented when the parties seek adjudication of only a political question, when the parties are asking for an advisory opinion, when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action." *Flast*, 392 U.S. at 96.  When seeking only nominal damages, plaintiffs concede that they suffered no actual injury, or that the injury they claim cannot be redressed by an award of actual damages, and the Supreme Court has never held that a claim for nominal damages is sufficient to maintain the justiciability of a case that would otherwise be moot. See, e.g., *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir 2004) (McConnell, J., concurring).  Where a plaintiff seeks nominal damages in a First Amendment suit "based on a regime no longer in existence," granting nominal damages "would have no effect on the parties' legal rights," and, as a result, the plaintiff has no standing.  See, e.g., *Morrison v. Bd. of Educ. of Boyd Cnty.*, 521 F.3d 602, 611 (6th Cir. 2008) (emphasis in original).

CONCLUSION

Because the City has in good faith repealed the Ordinance, and because no evidence suggests the City plans to reenact said Ordinance, Plaintiff has no claim for relief. For the reasons discussed above, Defendant respectfully requests that this Court dismiss Plaintiff's Verified Complaint [1] and Plaintiff's Motion for Preliminary Injunction [4], with prejudice, as moot in their entirety, with each party to bear its own costs and fees, and for other such relief as this Court deems appropriate under the circumstances.

Respectfully submitted this the 16th day of November, 2020.

**CITY OF JACKSON DEFENDANTS**

By: */s/ Timothy Howard*
Timothy Howard, MSB # 10687
City Attorney for the City of Jackson, Mississippi
Lee Thames, MSB # 10314
Special Assistant to the City Attorney
J. Paige Wilkins, MSB # 102052
Deputy City Attorney

OFFICE OF THE CITY ATTORNEY
Post Office Box 2799
Jackson, MS 39207-2799
601.960.1799 (telephone)
601.960.1756 (facsimile)

**CERTIFICATE OF SERVICE**

I, Timothy Howard, do hereby certify that I have this day delivered, via electronic mail and/or U.S. mail, a true and correct copy of the above and foregoing document, to the following:

Nathan W. Kellum
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
Email: nkellum@crelaw.org

So certified, this the 16th day of November, 2020.

By: */s/ Timothy Howard*_____
      Timothy Howard