# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PHILLIP BENHAM**                                                     **PLAINTIFF**

**vs.**                              **CIVIL ACTION No.: 3:19-CV-911-HTW-LRA**

**CITY OF JACKSON, MISSISSIPPI,**                       **DEFENDANTS**
**and JAMES E. DAVIS, in his official**
**capacity as Chief of Police for Jackson**
**Police Department.**

## ORDER

BEFORE THIS COURT is an inquiry from the City of Jackson, Mississippi (hereinafter referred to as the "City") relative to the impact of this court's prior order of November 20, 2020 and the minute entry on this court's docket sheet of that same date.

On November 24, 2020, this court allowed the City to present its quarrel with this court's order of November 20, 2020. That Order, reproduced below, reads as follows:

> The court set out the following briefing schedule:
>> The defendants shall file their brief in support no later than December 2, 2020.
>
>> The plaintiff shall file his brief in opposition, if any, no later than December 17, 2020.
>
>> The defendants shall file their brief in rebuttal, if any, no later than December 23, 2020.
>
> The court will also submit a stipulation to the parties as to the proceedings that occurred at the telephonic conference on November 12, 2020, during which this court announced its opinion granting the plaintiffs motion for preliminary injunction.

[Minute Entry 11/20/2020].

Central to the City's inquiry, apparently, is the City's contention, that: (1) this court had read from an unpublished opinion on November 12, 2020, enjoining the City from enforcing the ordinances at issue in this lawsuit; (2) the court, at the time, did not have a court reporter present

1

to transcribe those proceedings; and (3), therefore, the court's oral order is not an enforceable order which would constitute plaintiff's victory on its motion for injunctive relief and the City's exposure to possible attorney fees on the same.

The sequence of events forming the backdrop of this matter is as follows: on December 11, 2019, the plaintiff herein, Phillip Benham (hereinafter referred to as "Benham"), aggrieved over the possible criminal prosecution reach of the ordinances at issue herein, *see* JACKSON, MISS., CODE § 86-401 *et seq*., filed his motion for a preliminary injunction against the defendants: the City of Jackson, Mississippi; and its Chief of Police James E. Davis. Benham, an ardent foe of abortion and the existence of abortion clinic, pled in his lawsuit that he intends to visit Jackson, Mississippi, in the very near future to continue to protest by all legal means the existence of Mississippi's only abortion clinic and to attempt to dissuade all persons from having an abortion at the Jackson clinic.

Several times this court had to postpone its ruling on this motion for injunctive relief against the City's ordinances, which for any violation, would authorize criminal punishment.

On November 11, 2020, this court, determined to issue its opinion on the motion, decided to provide an abbreviated bench opinion. The parties were present by telephone. The City, meanwhile, had marked off the affected distances at the clinic. The court was unsure when Benham planned to arrive in Jackson to demonstrate and could, in the absence of a court ruling, be exposed to arrest.

Upon beginning the delivery of its bench opinion, the court, for the first time, observed that its court reporter was not present. Anxious to inform the City of its determination in this matter, the court decided to read to the parties key excerpts from the court's opinion. That reading set out all of the pertinent particulars: the style of the case; the court's jurisdiction over the injunction

motion; standing of Benham; ripeness of the lawsuit and the motion; the case background facts of the ordinances; standard for the issuance of a temporary injunction; jurisprudence agreeing to the constitutionality of a one hundred foot bubble zone – *see Hill v. Colorado*, 530 U.S. 703, 704, 120 S. Ct. 2480, 2483, 147 L. Ed. 2d 597 (2000); jurisprudence agreeing to the constitutionality of a fifteen foot buffer zone – *see Brown v. City of Pittsburgh*, 586 F.3d 263 (3d Cir. 2009); jurisprudence attesting to the constitutionality of a noise buffer zone – *see Pine v. City of W. Palm Beach, FL*, 762 F.3d 1262, 1265 (11th Cir. 2014); and case law holding unconstitutional the overlapping of the fifteen foot buffer zone and the one hundred foot bubble zone – *see Brown v. City of Pittsburgh*, 586 F.3d 263 (3rd Cir. 2009). This court then told the parties that the City's overlapping of the one hundred foot buffer zone, the fifteen foot buffer zone, and the noise buffer zone, in this court's eye, was unconstitutional and could not be enforced.

The court, thereafter, informed the parties that the court had read from its already-prepared written opinion. That opinion, said the court, only needed minor adjustments as to some case cites.

Counsel then for the City was asked to consider an appropriate date for a hearing on final injunctive relief and whether any such hearing would involve witnesses. The court stressed that the ruling on a preliminary injunction against the ordinances would still need a hearing on permanent injunctive relief if the City had any additional facts upon which it would rely. The City promised to study the matter and soon inform the court. The City's report was due to the court no later than November 23, 2020.

The City, though, immediately following this court's issuance of its oral order granting the plaintiff's motion for a temporary restraining order, repealed the ordinances – effective November 16, 2020. The City did not inform the court of its intention to take this action.

Thereafter, on November 20, 2020, this court ordered the parties to participate in a session with the court to clarify the parties' position on this development. Meanwhile, the court withheld filing its written opinion to determine if its filing was necessary. During that telephone hearing, the City contended that the temporary restraining order and this case were both moot because the City had repealed the ordinances. Correspondingly, according to the City, all attorney fees potentially sought by the plaintiff would also be moot.

This court directed the parties to submit authority on whether this lawsuit in its entirety was moot due to the repeal of the ordinances after this court had issued its oral order enjoining the City from enforcing the ordinances. Moreover, the parties were also directed to submit authority for whether any part of this lawsuit survives the City's repeal of the ordinances, including whether attorney fees are sought or appropriate. The parties, also, were to brief the legal effect of an oral directive from the court. Meanwhile, the City objected to the court's planned filing of its written opinion and to the court's announcement that it had granted plaintiff's motion for injunctive relief. The court set a scheduling order for the submission of briefs on these issues. This scheduling order was agreed to by the parties.

IT IS, THEREFORE, ORDERED that the parties must submit their briefing on the above listed issues in accordance with the below schedule:

- The City must file its initial brief no later than December 2, 2020.
- The plaintiff must file his reply brief, if any, no later than December 17, 2020.
- The City must file its rebuttal brief, if any, no later than December 23, 2020.

This court intends later to file the unpublished opinion from which this court read on November 12, 2020, unless persuaded otherwise by the arguments this court will consider after the above scheduling order has been satisfied. Meanwhile, this court views the ordinances as being

4

repealed and will not, according to the City, be reinstated and enforced. Should the City take a position contrary to this statement, the City is to notify this court immediately.

Any quarrels with this order should be the subject of an appropriate motion and accompanying memorandum of authorities filed in the timeframe allowed by the local rules.

**SO ORDERED this the 24th day of November, 2020.**

s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**
