# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PHILIP BENHAM**                                                                              **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 3:19cv911HTW-LRA**

**CITY OF JACKSON, MISSISSIPPI,
and JAMES E. DAVIS, in his official
capacity as Chief of Police for Jackson
Police Department**                                                       **DEFENDANTS**

## CITY OF JACKSON DEFENDANTS'
## REPLY PURSUANT TO ORDER [38] AND IN SUPPORT OF ITS
## MOTION TO DISMISS

**COME NOW**, the City of Jackson, Mississippi, ("City") and Chief James E. Davis, in his official capacity as Chief of Police for the Jackson Police Department (collectively referred to herein as "City" or "Defendants"[1]), by and through counsel, and file this Reply Pursuant to Order [38] and in Support of Defendants' Motion to Dismiss as Moot [34].

### The City's November 16, 2020, Repeal of the Ordinance Was Effective

In setting forth his "procedural history" of the case, Plaintiff concludes that the City "attempted" to repeal the Ordinance,[2] but claims that the repeal was "not effective." *Plaintiff's Response to Defendant's Motion to Dismiss* ("Pls.Mem.") [42] at p. 4. Plaintiff bases his conclusion solely upon § 21-13-11 of the Mississippi Code Annotated (1972), as

---

[1] The terms "City of Jackson Defendants" and "Defendants" include Chief James E. Davis, as a lawsuit filed against a City of Jackson employee in his/her official capacity is tantamount to a lawsuit filed against the City itself.
[2] *An Ordinance of the City of Jackson, Mississippi, Prohibiting Certain Activities Near Health Care Facilities*, City of Jackson, Mississippi, Code of Ordinances ("Jackson Municipal Code") § 86-401, *et seq*. (the "Ordinance").

amended ("MCA"), which permits an ordinance's enactment or repeal to go into effect immediately under certain conditions. *Id.* Plaintiff claims that the Repealing Ordinance[3] was not effective immediately because MCA § 21-13-11 requires the "unanimous vote of 'all members of the governing body,' not that just of the quorum" *Id.* at pp. 4-5, quoting MCA § 21-13-11. However, § 21-13-11 is a statute of general applicability. Plaintiff ignores the corresponding authority specifically applicable to mayor-council forms of government such as the City's. As set forth in the City's initial brief,[4] this includes MCA § 21-8-11, Jackson Municipal Code § 2-63, and Jackson Municipal Code § 2-73.

The Repealing Ordinance was placed on the November 16, 2020, special meeting agenda by a unanimous vote of the City Council, pursuant to Jackson Municipal Code § 2-63. Defs.Mem. [41] at p. 6. The City Council moved to suspend its rules and to adopt the ordinance immediately, pursuant to Jackson Municipal Code § 2-73. *Id.* at p. 7. The Repealing Ordinance was then adopted by the unanimous vote of five of the seven members of the City Council in attendance at the special meeting, pursuant to MCA § 21-8-11(2). *Id.* Section 21-8-11(2) authorizes a mayor-council form of government to give immediate effect to an ordinance by vote of the quorum, stating that "a majority of the members [of the council] shall constitute a quorum and the affirmative vote of a majority of the quorum at any meeting shall be necessary to adopt any motion, resolution or ordinance, or to pass any measure whatever unless otherwise provided in this chapter." *Id.*

---

[3] November 16, 2020, agenda item, *Ordinance of the City of Jackson Repealing Section 86-401 through 86-409 of the Jackson Code of Ordinances* ("Repealing Ordinance").
[4] *Memorandum of Law in Response to Order [38] and in Support of Defendants' Motion to Dismiss as Moot [34]* ("Defs.Mem.") [41] at pp. 6-7.

Plaintiff makes no argument that the City does not operate under a mayor-council form of government or that MCA § 21-8-11(2) is somehow inapplicable to the Repealing Ordinance. Moreover, had Plaintiff objected to the adoption of the Repealing Ordinance, or its being immediately effective, the proper vehicle for voicing that objection was an appeal to the circuit court within ten days of the Council's decision.[5] However, Plaintiff did not appeal the Council's decision and the repeal remains unchallenged and effective, rendering Plaintiff's motion for preliminary injunction and claim for declaratory relief moot.

### The Issue of Declaratory and Injunctive Relief Is Moot

The issue of retrospective (declaratory and injunctive) relief is a separate inquiry from that of claims for prospective relief (nominal damages). The Plaintiff's claims for declaratory and injunctive relief, sought by Plaintiff on the constitutionality of the Ordinance, are moot because the City repealed the Ordinance on November 16, 2020. Even if a preliminary injunction had been in place at the time, the enactment of the Repealing Ordinance would moot the injunction and any associated claims for declaratory and equitable relief.

Notwithstanding, Plaintiff overlooks the overwhelming authority on this point[6] and makes a blanket conclusion that his "claim for nominal damages precludes mootness and dismissal of the case." Pls.Mem. [42] at p. 6. However, it is well established that the repeal of a contested ordinance moots a plaintiff's injunction request, absent evidence of an intent to reenact a substantially similar law. See, *Diffenderfer v. Cent. Baptist Church*,

---

[5] MCA §11-51-75, *Appeal from Judgment or Decision by Municipal Authorities.*
[6] See, Defs.Mem. [41] at pp. 13-15.

404 U.S. 412, 414–15 (1972), *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004), *Sierra Club v. Glickman*, 156 F.3d 606, 619 (5th Cir. 1998); see also, *U.S.P.S. v. Gregory*, 534 U.S. 1, 10 (2001) (noting that a presumption of regularity attaches to actions by governmental agencies with regard to a city's intent to reenact a repealed ordinance).

### Any Written Opinion on Plaintiff's Preliminary Injunction Issued After the Ordinance's Repeal Would Be Impermissibly Advisory

Because Plaintiff's Motion for Preliminary Injunction [4] was rendered moot by the repeal of the Ordinance, any written opinion regarding that motion is related to a controversy that is no longer live, rendering the opinion solely advisory in nature.

Notwithstanding, Plaintiff urges the Court to "still file the written version of [its ruling] to fully comply with the requirements of Fed. R. Civ. P. 65(d)." Pls.Mem. [42] at p. 10. Although Plaintiff claims that a written opinion is not necessary, he asserts that not filing it would be "highly unusual" because Rule 65 "envisions an eventual written filing of the preliminary injunction." *Id.*

However, Plaintiff provides no authority for the notion that filing a written opinion, which would have no legal bearing according to Plaintiff, to avoid the "unusual" posture of not fulfilling the writing "envisioned" by Rule 65, can *create* Article III jurisdiction over an issue that is otherwise moot.[7] Rather, the exercise of judicial power under Article III of the United States Constitution *depends* upon the existence of a live case or controversy. See, *Priester v Newkirk*, 422 U.S. 395, 401 (1975). Under Article III, a federal court has "neither the power to render advisory opinions nor to decide questions

---

[7] Similarly, an interest in attorney's fees, such as fees pursuant to 42 U.S.C. § 1988, "is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480, (1990).

that cannot affect the rights of litigants in the case before them." *Id*. The Fifth Circuit has determined that a matter is moot for Article III purposes if the issues presented are no longer "live" or subject to some judicial remedy. See, e.g., *Sierra Club,* 156 F.3d at 619 (5th Cir. 1998), *McCorvey*, 385 F.3d at 849 (5th Cir. 2004). It has been repeatedly determined that such matters include motions for injunctive relief when the contested ordinance has been repealed. *Id*.

As of November 16, 2020, Plaintiff no longer required declaratory or injunctive relief from enforcement of the Ordinance because the Ordinance no longer existed. Granting Plaintiff's Motion for Preliminary Injunction [4] after the fact would serve no legally cognizable purpose. Even if the teleconference held on November 12, 2020, amounted to an enforceable, appealable order in compliance with the requirements of Rule 65, the repeal would have rendered the issue moot, and any written opinion filed after the Ordinance's repeal would amount to an impermissible advisory opinion.

### The November 12, 2020,Teleconference Did Not Satisfy the Requirements of Fed.R.Civ.P. 65, Creating an Appealable Order

The City briefed this issue in detail in its initial memorandum. See, Defs.Mem. [41] at pp. 9-12. Plaintiff's sole argument on this point misapplies the case law, claiming that the Fifth Circuit has "conclusively held an oral injunction is an effective and enforceable court order," citing *In re: United States Bureau of Prisons, Dept. of Justice*, 918 F.3d 431, 437 & n. 3 (5th Cir.2019). See, Pls.Mem. [42] at p. 8. However, as discussed by the City, the Court in *United States Bureau of Prisons* addresses whether a party who has been orally advised of specific behavior from which he is being enjoined *may be held in contempt* for engaging in the specified behavior prior to the issuance of a written opinion. Defs.Mem. [41] at pp. 10-11. This distinction is addressed by the Fifth Circuit in

*In re Bradley*, 588 F.3d 254, 262, n.6 (5th Cir. 2009), and the Court's subsequent ruling in *United States Bureau of Prisons* is not inconsistent with *In re Bradley*. *Id.*

The present matter has nothing to do with whether an oral order sufficiently placed a party on notice such that a contempt violation could be maintained. Rather, this analysis addresses whether an appealable order had been entered at the time the City repealed the Ordinance. Despite Plaintiff's repeated claim that on November 12, 2020, the Court "enjoined" the City from enforcing the Ordinance,[8] he can offer no language specifying the terms of the alleged order. Even the Court's order of November 24, 2020, setting forth its intent regarding the November 12, 2020, teleconference, does not specify the terms. Accordingly, there would have been no basis upon which to appeal this Court's ruling until such time as the order was entered in writing.

For example, as noted in the Court's November 24, 2020, order, during the November 12, 2020, teleconference, the Court examined whether the speech restrictions addressed in the Ordinance would individually withstand constitutional scrutiny. The Court determined that, individually, all of the restrictions withstood such scrutiny. However, without specific language advising the City of the conduct from which it was enjoined, it had no way of knowing whether it could enforce one, but not all, of the Ordinance's restrictions, and, if so, whether it could choose which provision to enforce or whether the Court would limit its choices.

Accordingly, it is the City's position that, while the Court stated the standards for issuing a preliminary injunction, it did not issue an injunction setting forth the act or acts restrained or demanded, as required by Rule 65(d). Certainly, the Court did not enjoin

---

[8] See, Pls.Mem. [42] at pp. 3, 6, & 7.

the City from repealing the Ordinance at issue in this litigation.  Moreover, it is the City's position that any oral order resulting from the November 12, 2020, teleconference was, without a court reporter to create a record, not an effective appealable order.

### The Case Should be Stayed Pending the Supreme Court's Decision in Uzuegbunam v. Preczewski

As to the matter of the Plaintiff's right to an award of nominal damages, the City has moved the Court to stay ruling on this issue until the U.S. Supreme Court decides *Uzuegbunam v. Preczewski*, which addresses the issue of whether a request for nominal damages to redress a past constitutional violation is sufficient to allow the district court to rule, where the government has changed the challenged policy so there is no need for forward-looking relief.

Although Plaintiff claims that the City provides no legal basis for the Court to delay ruling on its motion to dismiss (Pls.Mem. [42] at p. 12), the City relies on the Court's inherent authority to control its docket, as recognized by the Supreme Court in its test for the competing interests that should be considered.  See, e.g., *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Accordingly, the City submits that, if the Supreme Court upholds the Eleventh Circuit in Uzuegbunam v. Preczewski, then the Fifth Circuit would likewise overturn its precedent that a claim for nominal damages avoids mootness.  Because this question is so highly debated among circuits, and even within circuits, it is appropriate for this Court to hold its opinion on Defendant's Motion to Dismiss as Moot [34] in abeyance pending the Supreme Court's ruling.

## Conclusion

For the foregoing reasons, the City respectfully requests that the Court grant its Motion to Dismiss as Moot [34] in its entirety, or, in the alternative, to grant the City's motion as to the retrospective claims of preliminary injunction and declaratory judgment, and to hold the issue of nominal damages in abeyance pending a Supreme Court ruling on the issue of the prospective claim for nominal damages.

**THIS** the 4th day of January, 2021.

      Respectfully submitted,

      **CITY OF JACKSON DEFENDANTS**

    By: */s/ Lee Thames*
      Lee Thames, MSB # 10314
      Special Assistant to the City Attorney
      Timothy Howard, MSB # 10687
      City Attorney for the City of Jackson, Mississippi
      J. Paige Wilkins, MSB # 102052
      Deputy City Attorney

**OF COUNSEL:**
Timothy Howard, City Attorney
OFFICE OF THE CITY ATTORNEY
Post Office Box 2799
Jackson, MS 39207-2799
601.960.1799 (telephone)
601.960.1756 (facsimile)

## **CERTIFICATE OF SERVICE**

I, Lee Thames, do hereby certify that I have this day delivered a correct and true copy of the foregoing document via ECF to the following:

Nathan W. Kellum
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
Email: nkellum@crelaw.org

So Certified, this the 4th day of January, 2021.

By: */s/ Lee Thames*
Lee Thames