# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PHILIP BENHAM**                                                               **PLAINTIFF**

**V.**                                                                 **CASE NO.: 3:19-cv-00911-HTW-LGI**

**CITY OF JACKSON, MISSISSIPPI**
**and JAMES E. DAVIS, in his official**
**capacity as Chief of Police for Jackson**
**Police Department**                                             **DEFENDANTS**

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND BRIEFING

**COME NOW** the City of Jackson, Mississippi, and Chief James E. Davis, in his official capacity as Chief of Police for the Jackson Police Department, collectively referred to herein as "Defendants" or the "City of Jackson Defendants," by and through counsel, and submit this Motion for Leave to File Supplemental Authority and Briefing relating to Plaintiff's Motion to Dismiss as Moot ("Motion to Dismiss" [Doc. 36]), as follows:

1. The Parties participated in a Settlement Conference before Magistrate Judge Linda R. Anderson on March 31, 2021. Pursuant to that hearing, the Court recommended, but did not order, that the parties submit supplemental briefing addressing the impact of a recent United States Supreme Court ruling upon the City's pending Motion to Dismiss. See, *Uzuegbunam et al. v. Preczewski et al.*, 592 U.S. \_\_\_\_\_ (2021).

2. Plaintiff's claim of injury is based solely on allegations of chilled speech caused by Sections 86-401, *et seq*. of the Jackson Code of Ordinances ("Ordinance").

3. At no time was the Ordinance enforced against the Plaintiff by the City prior to its repeal in November 2020.

4. The repeal of the Ordinance rendered Plaintiff's prospective claims of injunctive and declaratory relief moot, but Plaintiff argued that his claim of nominal damages precluded dismissal based upon Fifth Circuit precedent.

5. The City maintained that the three-way split among, and even within, the circuits on this issue was relevant to its motion, and asked the Court to stay its ruling until the Supreme Court's rendered a ruling in *Uzuegbunam.*

6. The *Uzuegbunam* case concerned two plaintiffs – one who attempted to express his right to free speech on campus but was prevented from doing so by the school's enforcement of its speech policy against him. The second plaintiff never attempted to express his right to free speech, but claimed the events regarding Uzuegbunam deterred him from expressing his speech. *Id.*

7. Consistent with District Court rulings outside of the Fifth Circuit, the Supreme Court makes a distinction between plaintiffs who have had the offending law/policy enforced against them, and those who have not, stating specifically that nominal damages "do not guarantee entry into court," but rather satisfy only the redressability element of standing when the plaintiff has incurred a "**completed injury**." *Id.*

8. Applying this principle, the Supreme Court held that **the plaintiff that had experienced a completed injury of his constitutional rights, when respondents enforced their speech policies against him,** had standing because the nominal damages could redress the completed injury. *Id.* at p. 11. Conversely, the Supreme Court did not find that the second plaintiff had experienced a completed injury where the policy had not been enforced against him.

9. Because Benham never had the Ordinance enforced against him, or even alleged knowledge of enforcement against others that directly deterred him from exercising his right to free speech, Plaintiff can offer *no proof* of a completed injury. Without proof of a completed injury, Benham has no claim that can be redressed by an award of nominal damages, and thus the claim is moot.

CONCLUSION

Because the City has in good faith repealed the Ordinance, and because no evidence suggests the City plans to reenact said Ordinance, Plaintiff has no claim for relief. For the reasons discussed above, Defendant respectfully requests that this Court dismiss Plaintiff's Verified Complaint [Doc. 1] and Plaintiff's Motion for Preliminary Injunction [Doc. 4], with prejudice, as moot in their entirety, with each party to bear its own costs and fees, and for other such relief as this Court deems appropriate under the circumstances.

Respectfully submitted this the 20th day of April, 2021.

**CITY OF JACKSON DEFENDANTS**

By: */s/ Lee D. Thames, Jr.*
    Lee D. Thames, Jr., MSB # 10314
    Special Assistant to the City Attorney
    J. Paige Wilkins, MSB # 102052
    Deputy City Attorney

OFFICE OF THE CITY ATTORNEY
Post Office Box 2799
Jackson, MS 39207-2799
601.960.1799 (telephone)
601.960.1756 (facsimile)

# **CERTIFICATE OF SERVICE**

I, Lee Thames, do hereby certify that I have this day delivered, via electronic mail and/or U.S. mail, a true and correct copy of the above and foregoing document, to the following:

Nathan W. Kellum
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
Email: nkellum@crelaw.org

So certified, this the 20th day of April, 2021.

By: */s/ Lee D. Thames, Jr.*
Lee D.Thames, Jr.