IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PHILIP BENHAM**                                                                                  **PLAINTIFF**

**V.**                                                      **CASE NO.: 3:19-cv-00911-HTW-LGI**

**CITY OF JACKSON, MISSISSIPPI**
**and JAMES E. DAVIS, in his official**
**capacity as Chief of Police for Jackson**
**Police Department**                                                         **DEFENDANTS**

## MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY AND BRIEFING

**COME NOW** the City of Jackson, Mississippi, and Chief James E. Davis, in his official capacity as Chief of Police for the Jackson Police Department, collectively referred to herein as "Defendants" or the "City of Jackson Defendants," by and through counsel, and submit this Memorandum Brief in Support of Motion for Leave to File Supplemental Authority and Briefing, as follows:

### INTRODUCTION

The Parties participated in a Settlement Conference before Magistrate Judge Linda R. Anderson on March 31, 2021. Pursuant to that hearing, the Court recommended, but did not order, that the parties submit supplemental briefing addressing the impact of a recent United States Supreme Court ruling upon the City's pending Motion to Dismiss. *Uzuegbunam et al. v. Preczewski et al.*, 592 U.S. _____ (2021).

ARGUMENT

Defendant filed its Motion to Dismiss as Moot in this matter following the repeal of Sections 86-401, *et seq.* of the Jackson Code of Ordinances ("Ordinance"), however, Plaintiff takes the position that his retrospective claim of nominal damages precludes mootness, thereby guaranteeing his entry in to this Court. (See, Pls.Mem., pp. 11-12 [Doc. 42]). Plaintiff argues that "chilled speech alone is a realized injury to First Amendment rights" and that "the presence of nominal damages from chilled speech alone precludes mootness and dismissal." *Id.* Plaintiff argues that Fifth Circuit's rulings regarding nominal damages is settled, undisputed, and binding, concluding that the contradictory ruling among circuits, and a pending Supreme Court case directly on point, are irrelevant.

The City has maintained in oral argument and briefing that the three-way split among, and even within, the circuits on this issue conflicts with Plaintiff's conclusory analysis. While some circuits regularly held that nominal damages precluded dismissal on the basis of mootness, others held that nominal damages alone were insufficient to avoid mootness, while several circuits held that circumstances, such as whether the law/policy had ever been enforced against the plaintiff, determined which rule should apply.[1,2] Because such a case from the Eleventh Circuit had been granted certiorari to the U.S. Supreme Court, the City requested that this Court stay its ruling until an opinion was issued in *Uzuegbunam.* [See, Docs. 37, 41, 43]. The Supreme Court has now rendered its ruling, and, accordingly, Benham's claims should be dismissed as moot.

---

[1] See also, *A Dollar for Your Thoughts: Determining Whether Nominal Damages Prevent an Otherwise Moot Case from Being an Advisory Opinion*, Fordham Law Review, Ford.L.Rev 87 *Spring 2018).
[2] It is notable that Benham relies solely on authority involving plaintiffs that <u>did</u> have the offending law/policy enforced against them, and no authority where there was no enforcement against the plaintiff.

**Completed Injury vs. Not Completed Injury**

The case in *Uzuegbunam* concerned two plaintiffs/appellants – Uzuegbunam, who attempted to express his right to free speech at his college multiple times but was directly prevented from doing so by the campus police's enforcement of the school's speech policy, including the threat of disciplinary action. Based upon these events, another student, Bradford, never attempted to express his right to free speech. See, *Uzuegbunam et al. v. Preczewski et al.*, 592 U.S. \_\_\_\_\_ (2021). The policy was amended after the filing of the lawsuit, rendering the prospective claims of injunctive and declaratory relief moot. The appellants argued that "their case was still live because they had requested nominal damages." *Id*. at p. 3. The Eleventh Circuit Court of Appeals dismissed the complaints and the Supreme Court addressed the question of whether an award of nominal damages by itself could redress a past injury. *Id*.

The Supreme Court held that it could, **but distinguished between plaintiffs with "completed" injuries, and plaintiffs who had failed to prove a completed injury**. The Court reversed the lower court's decision as to Uzuegbunam, against whom the policy had been enforced, but not as to Bradford, stating that "**nominal damages go only to redressability and are unavailable "where a plaintiff has failed to establish a past, completed injury**." *Id.* at pp. 11-12, emphasis added.

The Supreme Court explained that, "for the purposes of Article III standing, nominal damages provide the necessary redress for a **completed** violation of a legal right." However, the Court specified that nominal damages satisfy **only** "the redressability element of standing where a plaintiff's claim is based on a **completed** violation of a legal right," and that "**a request for nominal damages does <u>not</u> guarantee entry to court**." *Id*., emphasis added. The Court noted that "[i]t remains for the plaintiff to establish the other elements of standing (such as a

particularized injury)" *Id*. at p. 12, citing *Planck v. Anderson*, 5 T.R. 37, 41, 101 Eng.Rep. 21 (K.B. 1792) "(if no [actual] damage be sustained, the creditor has no cause of action for some claims)."

The Court concluded by holding that, because the appellant Uzuegbunam experienced a **completed** violation of his constitutional rights "**when respondents enforced their speech policies against him**," nominal damages *could* provide the necessary redress for that completed injury - even if Uzuegbunam could not quantify that harm in economic terms. As the Court analyzed, the redressability of nominal damages is its ability to compensate, in the form of $1, when the damage cannot be quantified in economic terms. However, nominal damages can only replace compensation when compensable damages exist, even if it only amounts to "wasted bus fare." See, *id.*, p. 11.

Conversely, the lower court's decision regarding Bradford's complaint was not reversed. *Id*. at p. 12. Rather, the Supreme Court stated that it "[did] not decide whether Bradford [could] pursue nominal damages . . . [because]. . . [n]ominal damages go only to redressability and are unavailable where a plaintiff has failed to establish a past, completed injury." *Id.* While the Supreme Court noted that the District Court "should determine in the first instance whether the enforcement against Uzuegbunam also violated Bradford's constitutional rights," at no point did the Court suggest that chilled speech alone constitutes a completed injury, or the Court would have been required to reverse the District Court's ruling for both appellants. Thus, chilled speech alone would not satisfy redressability, because there could be no completed injury.

**Benham Has Failed to Establish a Past, Completed Injury**

In the present matter, Benham did not travel to the City, only to be prevented from engaging in speech at the Pink House. Benham's sole allegation in his Verified Complaint was that his

4

speech had been chilled by the enactment of the Ordinance, should he decide at a later date to visit Jackson to protest at the Pink House. (Benham's *post-filing* remark that he had a specific date in mind for travel is irrelevant to whether the Ordinance was ever enforced against him.) Nor did Benham visit the Pink House and observe others being prevented from engaging in speech, or being threatened with enforcement of the Ordinance, such that he could at least *argue* that enforcement against another also violated his own constitutional rights. Here, **Benham can offer no evidence of a completed injury**. In the absence of a completed injury, Benham's nominal damages claim cannot offer any form of redress pursuant to the Supreme Court's ruling in *Uzuegbunam*, and therefore must be dismissed as moot.

## CONCLUSION

Because the City has in good faith repealed the Ordinance, and because no evidence suggests the City plans to reenact said Ordinance, Plaintiff has no claim for relief. For the reasons discussed above, Defendant respectfully requests that this Court dismiss Plaintiff's Verified Complaint [Doc. 1] and Plaintiff's Motion for Preliminary Injunction [Doc. 4], with prejudice, as moot in their entirety, with each party to bear its own costs and fees, and for other such relief as this Court deems appropriate under the circumstances.

Respectfully submitted this the 20th day of April, 2021.

**CITY OF JACKSON DEFENDANTS**

By: */s/ Lee D. Thames, Jr.*
    Lee D. Thames, Jr., MSB # 10314
    Special Assistant to the City Attorney
    J. Paige Wilkins, MSB # 102052
    Deputy City Attorney

OFFICE OF THE CITY ATTORNEY
Post Office Box 2799
Jackson, MS 39207-2799
601.960.1799 (telephone)
601.960.1756 (facsimile)

## **CERTIFICATE OF SERVICE**

I, Lee D. Thames, Jr., do hereby certify that I have this day delivered, via electronic mail and/or U.S. mail, a true and correct copy of the above and foregoing document, to the following:

Nathan W. Kellum
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
Email: nkellum@crelaw.org

So certified, this the 20th day of April, 2021.

By: */s/ Lee D. Thames, Jr.*
Lee D. Thames, Jr.