UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **PHILIP BENHAM**, <br><br> Plaintiff, <br><br> vs. <br><br> **CITY OF JACKSON, MISSISSIPPI, and JAMES E. DAVIS, in his official capacity as Chief of Police for Jackson Police Department** <br><br> Defendants. | CIVIL ACTION NO: <br> 3:19-cv-00911-HTW-LRA <br><br> **Supplemental Response to Defendants' Motion to Dismiss** |

## INTRODUCTION

Plaintiff Philip Benham (Benham) submits this his Supplemental Response to the Motion to Dismiss of Defendants City of Jackson, Mississippi and James E. Davis (collectively referred to as "Jackson") in conformance with this Court's Order (Doc. 47).

Benham has visited Jackson Women's Health Organization (JWHO) on numerous occasions over the years to share his pro-life views on public ways outside the clinic. (Doc. 23-1, ¶ 4). He made specific plans to return and engage in expressive activity in 2020. Initially, he anticipated going in the summer, but due to travel issues associated with the COVID-19 pandemic, Benham scheduled a visit to JWHO during the second week of September, intending to speak in the area every day the clinic was open. (Doc. 23-1, ¶¶ 5-6). But Jackson's insistence on enforcing § 86-401, *et. seq.* against his speech activities chilled and deterred him from exercising his free speech. (Doc. 23-1, ¶¶ 11-12).

On November 12, 2020, this Court granted Benham's Motion for Preliminary Injunction from the Bench during a telephone conference, enjoining Jackson from enforcing § 86-401, *et.*

*seq*. against Benham's speech. The Court analyzed Benham's standing to bring his claims in ruling on the motion and determined Benham has suffered an injury-in-fact, due to the chilling effect of the ordinance's enforcement on public ways outside the JWHO clinic.

Following the Bench opinion, Jackson complied with this Court's preliminary injunction ruling and removed its signs in areas around JWHO clinic mandated by the ordinance and instructed its police department to refrain from enforcing the ordinance. But before this Court could file the written version of its ruling granting the preliminary injunction, on the morning of November 16, 2020, Jackson filed a motion to dismiss Benham's entire case as moot. (Doc. 34). For grounds, Jackson asserted it had repealed § 86-401, *et. seq*. (Doc. 35). Counsel for Jackson did not inform the Court or Benham's counsel of intentions to repeal the ordinance prior to the filing the motion to dismiss.

Two days later, on November 18, 2020, the Court held another telephone conference. During this hearing, the Court reminded the parties that it granted Benham's motion for preliminary injunction and anticipated the City informing the Court whether it wanted a trial date or would appeal the ruling. Jackson subsequently requested a telephone conference for further clarification, which took place on November 24, 2020. During which time, the Court stated that it would enter an Order supplying a briefing schedule and parameters for the argument. The Order was entered this same day, setting out the procedural status and disputes before the Court. (Doc. 38). Jackson subsequently asked for and received an extension to file its briefing. (Doc. 40).

In its subsequent briefing, Jackson argued injunctive relief is moot but was forced to acknowledge that "[t]he Fifth Circuit, along with the majority of other courts of appeal, holds that a claim for nominal damages avoids mootness." (Doc. 41, p. 15). Despite the binding precedent

on the effect of nominal damages, Jackson asked this Court to hold off on ruling on the motion until the Supreme Court ruled in *Uzuegbunam v. Preczewski*. Jackson hoped the Supreme Court would overturn Fifth Circuit precedent and hold a repeal of an ordinance can moot nominal damages, so this Court could find Benham's claim for nominal damages moot.

The Supreme Court reached a decision in *Uzuegbunam v Preczewski* on March 8, 2021, 141 S.Ct. 792 (2021); however, the opinion did not fulfil Jackson's wishes. The Court affirmed long-standing precedent in this circuit and the doctrine holding a claim for nominal damages avoids mootness. The next day, Benham notified this Court of the *Uzuegbunam* ruling. And, some five weeks later, on April 20, 2021, Jackson filed a supplemental brief in light of the *Uzuegbunam* decision. The Court issued a briefing schedule (Doc. 47) and Benham files his response herein.

## ARGUMENT

The Supreme Court in *Uzuegbunam* upheld Fifth Circuit precedent in overturning the Eleventh Circuit, confirming claims for nominal damages avoid mootness due to changes in ordinances or policies. *Uzuegbunam* is controlling precedent on the issue. Since chilled speech is a recognized injury in the Fifth Circuit, the *Uzuegbunam* decision dictates Benham's claim for nominal damages survive Jackson's assertion of mootness.

### I.  Chilled Speech is Realized, Completed Injury for Nominal Damages

When free speech is infringed, nominal damages are warranted. *Familias Unidas v. Briscoe*, 619 F.2d 391, 402 (5th Cir. 1980). "A plaintiff is entitled to an award of nominal damages for the violation of his civil rights, even when there is no injury." *Archie v. Christian*, 812 F.2d 250, 252 (5th Cir. 1987). This is because nominal damages signify that constitutional rights were

in fact violated. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n. 11 (1986). Through an award of nominal damages, the wrong done to Benham is recognized, the violation is vindicated and his constitutional rights are validated.

Chilled speech by itself is a realized constitutional injury.as a matter of law. *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978). For instance, in *Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, the Fifth Circuit awarded nominal damages for the "chilling effect" suffered with First Amendment rights. 848 F.2d 544, 558 (5th Cir. 1988). The same award is appropriate for Benham for the same result. He wanted to engage in free speech on public ways during a planned visit to JWHO, but Jackson's staunch defense of its ordinance and intentions to enforce posed a chilling effect on his First Amendment rights, causing him harm.

**II.   *Uzuegbunam* Confirms Benham's Claim for Nominal Damages Cannot be Mooted by Repeal of Ordinance**

With its motion, Jackson continues to argue its repeal of the ordinance moots Benham's claim for nominal damages. (Doc. 41; Doc. 48). This is not so.

The Fifth Circuit has consistently held claims for nominal damages avoid mootness. *See, e.g., Morgan v. Plano Ind. Sch. Dist.*, 589 F.3d 740, 748 (5th Cir. 2009) (holding challenge to 2004 school policy, since replaced by new policy, was not moot due to nominal damages claim). Jackson admitted this reality (Doc. 41, p.15) but longed for a change in the law, pinning all its hopes on the Supreme Court's ruling in *Uzuegbunam*. The Supreme Court, though, did not rule the way Jackson needed. Instead, the Court held a request for nominal damages concerns retrospective relief and is not subject to mootness. *Uzuegbunam*, 141 S.Ct. at 800-02. Jackson's argument remains meritless.

### III. *Uzuegbunam* Affirms Direct Enforcement of Ordinance is Not Necessary for Completed Injury and Chilled Speech is Sufficient for Nominal Damages

In its latest memorandum brief (Doc. 48), Jackson contends the Supreme Court's decision in *Uzuegbunam* supports its mootness argument - even though the Court ruled directly against its argument.

Jackson suggests the other plaintiff in the *Uzuegbunam* case, Bradford, is not entitled to nominal damages because the policy was not enforced against him. Relying on some verbiage in the opinion indicating nominal damages are only awarded for a "completed injury," Jackson surmises, without any support, that Bradford's injury is not complete. It then deduces that Benham's injury is not complete either.

Jackson is mistaken in its analysis. As referenced above, Benham suffered a chilling impact on his speech due to Jackson's ordinance and intentions to enforce. The Fifth Circuit considers such chilled speech a complete injury, suitable for a nominal damages award. *Uzuegbuman* does not hold or imply otherwise. In fact, the Supreme Court declined to deny Bradford's claim for nominal damages despite invitation to do so. *Uzeugbunam*. 141 S.Ct. 792 n. Had the Court adopted Jackson's argument, it would have ruled Bradford is not entitled to nominal damages because the policy was not personally enforced against him. However, the Court remanded the question to the district court for further consideration of how he was affected.

### CONCLUSION

Benham received preliminary injunctive relief from this Court through oral ruling from the Bench. However, per Fed. R. Civ. P. 65(d), this Court is obliged to follow through with its written filing of it. Benham is also entitled to nominal damages for the chilling effect on his free speech.

For these reasons, Benham respectfully asks this Court 1) proceed with its written filing of the Bench Opinion per Fed. R. Civ. P. 65(d) and 2) deny Jackson's Motion to Dismiss.

Respectfully submitted this 5th day of May, 2021.

s/Nathan W. Kellum
NATHAN W. KELLUM
MS BAR # 8813
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN  38117
(901) 684-5485 – Telephone
(901) 684-5499 – Fax

Attorney for Plaintiff Philip Benham

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2021, the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, and that a copy of the foregoing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

/s/Nathan W. Kellum
Attorney for Plaintiff Philip Benham