UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHER DIVISION


PHILIP BENHAM                                                          PLAINTIFF


VS.                                          CIVIL ACTION NO.: **3:19-cv-00911HTW-LGI**

CITY OF JACKSON, MISSISSIPPI,
AND JAMES E. DAVIS, in his official
capacity As Chief of Police for Jackson
Police Department                                                    DEFENDANTS



### DEFENDANTS' REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS BASED ON MOOTNESS


COME NOW the City of Jackson, Mississippi, and Chief James E. Davis, in his official capacity as Chief of Police for the Jackson Police Department, collectively referred to herein as "Defendants" or the "City of Jackson Defendants," by and through counsel, and submit this reply brief in opposition to the Plaintiff's response to the Defendants' motion to dismiss based on mootness. [Doc. 50].

On November 16, 2020, the Defendants moved to dismiss the case as moot after the Jackson City Council repealed the ordinance being challenged by the Plaintiff. [Doc. 34].

On April 20, 2021, the Defendants filed their Memorandum Brief seeking leave of court to brief the impact of *Uzuegbunam et al. v.Preczewski et al.* 141 S,Ct, 792,a mootness case,  handed down by the United States Supreme Court on March 8, 2021. 141 S,Ct, 792. [ Doc. 47].

1

On April 21, 2021, the Court, having conducted a telephonic conference to hear argument on the issue of mootness, entered its order ordering the Plaintiff to submit a response to the Defendants' most recent memorandum brief regarding the issue of mootness in light of *Uzuegbunam* and to allow the Defendants to file a reply. [Doc. 49].

In *Uzuegbunam,* former students at a state college had wished to exercise their religion by sharing their faith on campus. One of the students, Chike Uzuegbunam, obtained a required permit and was distributing religious materials in a designated "free speech zone" when a campus police officer asked Mr. Uzuegbunam to stop. Campus policy at the time prohibited using the free speech zone to say anything that "disturbs the peace and/or comfort of persons." Another student who shares Uzuegbunam's faith, Joseph Bradford, decided not to speak about religion because of these events. Both Mr. Uzuegbunam and Mr. Bradford sued, arguing the policies violated the First Amendment. The state college then changed the challenged policies rather than defend them, and argued that the case should be dismissed on the ground that the policy change rendered the request for injunctive relief moot, arguably leaving the students without standing to sue for lack of a redressable case or controversy. Both Mr. Uzuegbunam and Mr. Bradford had sought nominal damages in addition to injunctive relief. The question for the Supreme Court was whether a plea for nominal damages for an already completed constitutional injury could by itself establish the redressability element of standing. In the case of Mr. Uzuegbunam, the Supreme Court found that there was a completed constitutional violation that occurred when the campus police officer enforced the school's speech policies against him. The Supreme Court ruled that Mr. Uzuegbunam therefore had a claim for nominal damages and  his case was not moot even though the challenged policies had been changed afterwards.

2

In the case of Mr. Bradford, on the other hand, the Supreme Court did not decide whether this plaintiff could pursue nominal damages and remanded the case to the district court to determine whether he has established a past, completed injury.

The City of Jackson ordinance at issue in this litigation was enacted on October 1, 2019, and was repealed on November 16, 2020.  During the time period of the ordinance's enactment, the Plaintiff, living North Carolina, never visited Jackson, so as to be prevented from engaging in speech at the Pink House. In other words, no official of the City of Jackson has ever enforced the ordinance against the Plaintiff. As noted, the ruling of the Supreme Court in *Uzuegbunam* is that in order to establish a claim for nominal damages, in order to fall outside the mootness doctrine, there must be a completed injury and that, in the area of First Amendment rights, the only way for a Plaintiff such as Benham to have a completed injury is to have had the ordinance enforced against him.

The Plaintiff's sole argument is that the enactment of the ordinance by the municipal government of Jackson, Mississippi, has chilled his speech while he resided in North Carolina. The Plaintiff argues, incorrectly, and without legal authority, that his purported  "chilled speech" is enough for him to establish nominal damages, and therefore avoid mootness, even when the ordinance has been repealed and thus there is no need for declaratory or injunctive relief.

In regard to the availability of nominal damages involving chilled speech alone, the Fifth Circuit, in *Pool v. City of Houston*, 978 F.3d 307 (2020), has debunked the Plaintiff's notion.  In footnote 10 of the *Pool* opinion, the Court recognized that chilled speech alone may have in fact enabled the Plaintiffs in that case to pursue a claim for prospective declaratory and injunctive relief if the challenged law is still in effect, but questioned "whether [the plaintiffs'] request for

3

nominal damages would alone be enough to keep the case alive."  Notably, the Court in *Pool*

doubted the Plaintiffs "have such a claim for [nominal] damages when the law was <u>not </u>actually

enforced against them in 2019." (emphasis added).  The Court pointed out that the plaintiffs in

that case "instead brought this case to prevent their speech from being chilled." The Court in *Pool*

contrasted Mr. and Mrs. Pool with the plaintiff the *Brinsdon v. McAllen Indep. Sch. Dist*., 863

F.3d338, 343–46 (5th Cir. 2017), noting in its parenthetical that Brinsdon "allow[ed] a plaintiff's

claim for nominal damages, <u>based on a sanction she incurred</u>, to survive after her claims for

equitable relief were mooted." (emphasis added).  The Court in *Pool* also cited *Uzuegbunam*,

which was then pending before the Supreme Court at the time, stating that "If the Pools do have a

claim for nominal damages, whether that can save a case from mootness is before the Supreme

Court."  As noted above, the Supreme Court in <u>*Uzuegbunam*</u>  held that there must have been a

completed violation of a legal right before a claim for nominal damages may be recognized as a

way to avoid mootness. In the body of the *Pool* opinion, the Court stated the following: "Unlike

standing analysis, mootness accounts for such events that occur during the litigation. It ensures

that the plaintiff's personal interest that existed at the commencement of the litigation (standing)

continues throughout its existence (mootness). If intervening circumstances make it impossible

for the court to grant any effectual relief, the case is moot." 978 F.3d at 313. (citations and

quotations omitted).

None of the cases discussed by the Plaintiff in his response brief involve chilled speech

and the award of nominal damage   *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980)

involved governmental actors' enforcement of an unconstitutional statute which empowers a

Texas county judge to exact public disclosure of the membership of any organization within his

county that he considers to be engaged in activities designed to interfere with the peaceful

operation of the public schools. The defendant school officials in that case made a demand on the

plaintiffs and their community group, who were leading a school boycott, for public disclosure of

the names of their group's officers, group members, the group's usual meeting place, and other

information. The Fifth Circuit ruled that the sending of the demand pursuant to the

unconstitutional statutory scheme and, inferentially, the attendant fear of disclosure was shown to

have prompted a decline in the membership and participation in the group, and the respective

plaintiffs' right to associate freely with the members of that organization was, therefore,

infringed. This case was not about chilled speech. In fact, that term chilled speech was not even

used in the court's opinion.

*Archie v. Christian*, 812 F.2d 250(5th Cir. 1987) involved the incarcerated plaintiff's

treatment while in administrative segregation following a prison riot. This is not a nominal

damages case or a chilled speech case.

In Howard *Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544 (5th Cir. 1988), one of

the plaintiffs, Mr. Moya, was awarded $500.00 in compensatory damages, which included

damages to his reputation, for First Amendment violations arising from a temporary restraining

order imposed upon him. See the district court ruling in Gault *v. TRLA*, 615 F.Supp. 916,941

(N.D.Tex.1985) ("The Court finds that Moya should be awarded $500 as compensatory damages

for injury sustained as a consequence of being restrained under the minority picketing provisions

of Art. 5154f, and of the improper ex parte procedure used to obtain the TRO."). This is not a

nominal damages case.

5

*Morgan v. Plano Independent School Dist.*, 589 F.3d 740 (5th Cir. 2009) stated the

general proposition that a claim for nominal damages avoids mootness. However, the Court did

not analyze whether the Plaintiffs had suffered a completed injury. That being said, the facts in

the *Morgan* opinion show that the 2004 policy being challenged by the plaintiffs had in fact been

enforced against them:  "Four families with students in Plano Independent School District schools

allege that over a three-year period students were not permitted to distribute various religious

materials, including pencils inscribed with 'Jesus is the reason for the season,' candy canes with

cards describing their Christian origin, tickets to a church's religious musical programs, and

tickets to a dramatic Christian play, this by a policy then in effect and captured by a 2004 version

of the District rules." Clearly, the *Morgan* case is factually similar to the case brought by Mr.

Uzuegbunam, who was prohibited by a school official from distributing religious materials.

The City has in good faith repealed the Ordinance. There is no evidence to suggest the

City plans to reenact said Ordinance, Plaintiff has no claim for relief and the case is moot.

Defendants respectfully request that this Court dismiss Plaintiff's Verified Complaint [Doc. 1]

and Plaintiff's Motion for Preliminary Injunction [Doc. 4], with prejudice, as moot in their

entirety, with each party to bear its own costs and fees, and for other such relief as this Court

deems appropriate under the circumstances.

Respectfully submitted this the 17th day of May, 2021.

**CITY OF JACKSON DEFENDANTS**

By: /s/ Lee D. Thames, Jr.
Lee D. Thames, Jr., MSB #10314
Special Assistant to the City Attorney

**OF COUNSEL:**

**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Telephone: 601-960-1799
Facsimile: 601-960-1756
*Attorneys for the City of Jackson*

## CERTIFICATE OF SERVICE

I, Lee D. Thames, Jr., one of the attorneys for the Defendants, do hereby

certify that I have served this day via Electronic Filing, a true and correct copy of the

above and foregoing document to all counsel of record.

So certified, this the 17th day of May, 2021.

/s/ Lee D. Thames, Jr.
Lee D. Thames, Jr.

7