UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PHILIP BENHAM**,

    Plaintiff,

vs.

**CITY OF JACKSON, MISSISSIPPI** and **JAMES E. DAVIS,** in his official capacity as Chief of Police for Jackson Police Department,

    Defendants.

CASE NO.: 3:19-cv-911-HTW-LGI

**DECLARATION OF MARK ANTHONY MANGINI IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**

I, Mark Anthony Mangini, under the penalty of perjury, hereby declare as follows:

1. In support of Plaintiff Philip Benham's Motion for Attorney Fees and Expenses, I submit herein this declaration setting out the legal work I performed in this matter, justifying the reasonableness of the number of hours and my hourly rate.

2. From the outset of the case up until last year, in the fall of 2020, when I withdrew from the case after taking on new employment, I was counsel for Mr. Benham in this case.

**Biography**

3. I obtained my license to practice law in the fall of 2014 and have been practicing for approximately 7 years.

4. For the entirety of the attorney fees for which Mr. Benham is seeking for my legal services in this matter I served as staff counsel with the Center for Religious Expression (CRE), a non-profit law firm in Memphis, Tennessee.

5. I graduated from Liberty University in 2011 and the University of Memphis School of Law in 2014. I began working at CRE in early 2015, initially on a part-time basis, and later as full-time staff counsel. As staff counsel, I was involved in communicating with clients and opposing counsel,

Exhibit "B"

investigating facts underlying cases, legal research, preparing file memos to aid with the prosecution of cases, and drafting legal pleadings, as well as many other aspects of litigation.

6. I participated in several meaningful First Amendment cases during my time at CRE, including *Brindley v. City of Memphis*, 934 F.3d 461 (6th Cir. 2019) (securing right to speak on privately-owned street dedicated to public use), *Deferio v. City of Syracuse*, 193 F.Supp.3d 119 (N.D. NY. 2016) (enjoining buffer zone around festival grounds), and *McMahon v. City of Panama City Beach*, 180 F.Supp.3d 1076 (N.D. Fla. 2016) (enjoining city policy granting private permittee authority to ban speech in public park during festival).

7. I am admitted to practice in Tennessee courts and have practiced *pro hac vice* in federal courts outside Tennessee, including Northern District of Florida, Northern District of Alabama, Southern District of Texas, Northern District of New York, and Southern District of Mississippi. I am in good standing in the courts where I am admitted or have practiced and have never had disciplinary action taken against me. I have never been held in contempt, censured, disbarred, or suspended by any court.

## Reasonableness of Hours Spent

8. Attached to the motion for attorney fees and expenses as Exhibit "C" is an itemized billing statement setting forth the task-based time for Nate Kellum and me. My recorded actual time of 40.10 hours is derived from time statements I kept contemporaneously as I performed the work described in the entries.

9. I have thoroughly reviewed the time statement and can attest that the time assigned to me accurately reflects the amount of time I spent on the task described, to the tenth of an hour, and that all such entries are associated with work on this case. I can also attest that the time I spent on the case as shown in the statement was necessary to prosecute Mr. Benham's case.

## Reasonableness of Hourly Rate

10. The motion seeks an hourly rate of $200 for my legal services, which, based on my own research and investigation, is a reasonable hourly rate for me in the Southern District of Mississippi.

11. CRE maintains internal office hourly rates, placing an objective value on our services. In 2020, my internal hourly rate was $290.00 per hour.

12. I can attest that an hourly rate of $200 for me is consistent with prevailing market rates in this district for an attorney with my experience and knowledge. I believe my hourly rate of $200 is in keeping with attorneys who have similar experience in civil rights work in the Southern District of Mississippi.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 28th day of December 2021.

_Mark Anthony Mangini_
Mark Anthony Mangini